**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY LEWIS WHITING, | No. 23-55643 |
| Plaintiff-Appellant, | D.C. No. 5:22-cv-01595-SSS-KK |
| v. | |
| THE COACHELLA VALLEY HOUSING COALITION, a California non-profit public benefit corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

Submitted November 20, 2024**

Before:    CANBY, TALLMAN, and CLIFTON, Circuit Judges.

Timothy Lewis Whiting appeals pro se from the district court's judgment

dismissing his civil rights action alleging racial discrimination in housing.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Whiting's request for oral
argument, set forth in the opening brief, is denied.

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We affirm.

The district court properly dismissed Whiting's Fair Housing Act ("FHA") claims because Whiting failed to allege facts sufficient to show that he was subject to severe or pervasive harassment based on race, that defendants interfered with the exercise of his rights under the FHA, that he suffered a distinct and palpable injury caused by defendant's discriminatory conduct, or that he was retaliated against for protected activity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a plaintiff fails to show he is entitled to relief if the complaint's factual allegations "do not permit the court to infer more than the mere possibility of [the alleged] misconduct"); *Morris v. W. Hayden Ests. First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1147 (9th Cir. 2024) (setting forth elements of a hostile housing environment claim under the FHA); *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (discussing elements of a retaliation claim under the FHA); *Harris v. Itzhaki*, 183 F.3d 1043, 1051 (9th Cir. 1999) (setting forth elements of a disparate treatment claim under the FHA).

The district court properly dismissed Whiting's 42 U.S.C. § 1981 claim because Whiting failed to allege facts sufficient to show that he was discriminated against on the basis of his race. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th

2                                                                                      23-55643

Cir. 1989) (a § 1981 claim requires a showing of intentional discrimination on account of race).

The district court properly dismissed Whiting's claims under California's Fair Employment and Housing Act ("FEHA") and the Unruh Act because Whiting failed to allege facts sufficient to show intentional discrimination or retaliation based on protected activity. *See* Cal. Gov't Code § 12955.7 (FEHA provision prohibiting retaliation); *Harris v. Capital Growth Inv'rs XIV*, 805 P.2d 873, 893 (1991*)* (to state a claim under the Unruh Act premised on racial discrimination, a plaintiff must plead intentional discrimination)*, superseded by statute on other grounds as stated in Munson v. Del Taco, Inc.*, 208 P.3d 623 (2009).

The district court properly dismissed Whiting's claim under California's Unfair Competition Law ("UCL") because Whiting failed to allege a statutory predicate. *See Aleksick v. 7–Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Ct. App. 2012) ("When a statutory claim fails, a derivative UCL claim also fails.")

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**